UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61130-CIV-COHN

NANCY E. PESCATRICE,

Magistrate Judge Snow

    Plaintiff,

vs.

ELITE RECOVERY SERVICE, INC.,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss the Amended Complaint [DE 20]. The Court has carefully considered the motion and response thereto. No reply was filed by the deadline of January 3, 2007.

### I. BACKGROUND

Plaintiff Nancy Pescatrice ("Plaintiff") filed a complaint against Elite Recovery Service, Inc. ("ERS" or "Defendant") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). More specifically, Plaintiff's Amended Complaint alleges violations of 15 U.S.C. §§ 1692e(5) and 1692e(10) by attempting to collect a consumer debt when Defendant's business license required under Florida law was void, and therefore Defendant was not entitled to attempt to collect the debt.

Defendant sent a collection letter on or about November 11, 2005 to Plaintiff, attached as Exhibit A to the Amended Complaint [DE 17]. The letter states that Trak America has placed Plaintiff's account with Defendant for collection. The amount "seriously past due," is listed as $2,080.03. The letter requests payment of this amount to: Elite Recovery Services, Inc., with a Buffalo, New York post office address. This same address is listed at the top of the letter, however, the company name is listed as "ERS." Defendant asserts that the initials "ERS" are used at the top because that

address forms the return address on the see-thru envelope in which the letter was mailed to Plaintiff, thus protecting the Plaintiff's confidentiality in case others view the outside of the envelope in which the letter is mailed.  At the end of the letter, the President of Elite Recovery Services signs his name with his title and full company name.

In her Amended Complaint, Plaintiff asserts that at the time of the November 11, 2005 letter, Defendant's registration with the state of Florida was invalid under Florida Statute Section 559.63, which states that any registration made under the Florida Consumer Collections Practices Act based upon identifications not current shall be void. Since the registration was void, any attempt to collect the debt became a violation of the FDCPA.  Defendant has moved to dismiss the Amended Complaint.

## II.  DISCUSSION

In its Motion to Dismiss, Defendant asserts that Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.  It is long settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. Cramer v. Florida, 117 F.3d 1258, 1262 n. 8 (11th Cir. 1997); see also Marsh, 268 F.3d at 1023; Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

In support of its motion, ERS attaches two exhibits.  Notice of Filing Exhibits in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 21].  The first exhibit is the November 11, 2005 letter, which Plaintiff had attached to the

Complaint.  The second exhibit contains ERS' valid business license from the state of Florida for 2006, and a license history listed the initial effective date as September 17, 2003.  The general rule on a motion to dismiss is that the Court cannot consider documents outside the pleadings.  While the Court may consider documents referred to by a plaintiff in a complaint which are central to the plaintiff's claim for purposes of a motion to dismiss without conversion of the motion to dismiss into a motion for summary judgment, it cannot consider other documents put forth by Defendant.  <u>Brooks v. Blue Cross & Blue Shield of Fla.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997) (opinion of then United District Court Judge Stanley Marcus attached to Eleventh Circuit opinion); <u>Smith Barney, Inc. v. Scanlon</u>, 180 F.R.D. 444, 446 (S.D.Fla. 1998).  Therefore, the Court will consider the November 11, 2005 letter (Defendant's Exhibit A and Plaintiff's Exhibit A to Amended Complaint), but will not consider Defendant's license and license history.

In support of its motion to dismiss, Defendant asserts that its November 11, 2005 letter is not a violation as it had a valid license.  Plaintiff opposes the motion on the grounds that the reason she claims violations of the FDCPA is because Defendant's license does not disclose use of the P.O. Box address nor the use of the acronym "ERS," and is therefore void under Fla. Stat. § 559.563.  Defendant asserts that Florida law requires each consumer collection agency to provide "the business trade name, the current mailing address, the current business location which constitutes its principal place of business, and the full name of each individual who is a principal of the registrant."  Fla. Stat. § 559.555.  Defendant argues that its use of a P.O. Box for mailing of payments is a common practice, not required to be disclosed in a Florida registration as long as the mailing address and business location remain accurate.

The Court concludes that because analysis of Defendant's principal argument in support of its motion would necessitate consideration of Defendant's license, submitting

outside the pleadings in this case, the Court must deny the motion at this time. The Court notes that Defendant recently filed a motion for summary judgment that will allow the Court to consider evidence outside the pleadings in this case.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Amended Complaint [DE 20] is hereby **DENIED**;

2. Defendant shall file an Answer to the Amended Complaint by February 16, 2007;

3. Plaintiff shall respond to the pending Motion for Summary Judgment by February 21, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of February, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

Donald Yarbrough, Esq.
James K. Parker, Jr., Esq.
Joseph A. Garcia, Esq.