UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61130-CIV-COHN

NANCY E. PESCATRICE,

    Plaintiff,

Magistrate Judge Snow

vs.

ELITE RECOVERY SERVICE, INC.,

    Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant's First Motion for Summary Judgment [DE 30] and Plaintiff's Cross-Motion for Summary Judgment [DE 49]. The Court has carefully considered the motions, responses, and replies thereto. The motions became ripe on April 16, 2007 [DE 17].

I.  BACKGROUND

Plaintiff Nancy Pescatrice ("Plaintiff") filed a complaint against Elite Recovery Service, Inc. ("ERS" or "Defendant") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). More specifically, Plaintiff's Amended Complaint alleges violations of 15 U.S.C. §§ 1692e(5) and 1692e(10) by attempting to collect a consumer debt when Defendant's required Florida business license was void, and therefore Defendant was not entitled to attempt to collect the debt.

Defendant sent a collection letter on or about November 11, 2005 to Plaintiff, attached as Exhibit A to the Amended Complaint [DE 17]. The letter states that Trak America has placed Plaintiff's account with Defendant for collection. The amount "seriously past due," is listed as $2,080.03. The letter requests payment of this amount to Elite Recovery Services, Inc., with a Buffalo, New York post office box address. This same address is listed at the top of the letter in the upper left corner. However, the

company name is listed in that spot as "ERS."  The three other times Defendant uses its name in the letter, the full name is used.  At the end of the letter, the President of Elite Recovery Services signs his name with his title and full company name.

In her Amended Complaint, Plaintiff asserts that at the time of the November 11, 2005 letter, Defendant's registration with the state of Florida was invalid under Florida Statute Section 559.63, which states that any registration made under the Florida Consumer Collections Practices Act based upon identifications not current shall be void.  Plaintiff alleges that since the registration was void pursuant to Florida statutes, any attempt to collect the debt became a violation of the FDCPA as a deceptive means of collecting a debt.

The Court previously denied Defendant's Motion to Dismiss the Amended Complaint because Defendant's motion asked the Court to consider matters outside the pleadings.  Defendant filed a motion for summary judgment and Plaintiff has filed a cross-motion for summary judgment.  The parties have also waived a jury trial in this case [DE 40].  The cross motions have now been fully briefed and are ripe for adjudication.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of

establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could

3

reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B. Fair Debt Collection Practices Act

The facts in this case are undisputed. Defendant sent the November 11, 2005 letter to Plaintiff in an attempt to collect a debt and is subject to the FDCPA. Plaintiff's Exhibit A to Amended Complaint. The letter was from Elite Recovery Services, Inc., though the return address in the upper left corner of the letter, which appeared through the window envelope, listed the name as "ERS." In addition, the letter contained a post office box address as both the return address and the address to make payments. Finally, the letter contained the required language about Plaintiff notifying "this office" in writing to receive verification of the debt. Plaintiff does not allege a violation as to the contents of the letter, other than the use of an unregistered address and "fictitious" business name. As noted above, Plaintiff alleges that because Defendant did not disclose this address and name in its state of Florida registration, its attempt to collect debts under the FDPCA is therefore a deceptive means of collecting a debt.

Defendant did in fact file for Florida registration of its debt collection business. On August 26, 2003, Defendant submitted a Registration of Consumer Collection Agency to the Comptroller's Office for the State of Florida. Exhibit A to Declaration of Donald Yarbrough [DE 51]. This license became effective on September 17, 2003. Notice of Filing Exhibits in Support of Defendant's Motion to Dismiss Plaintiff's Amended

Complaint [DE 21].  In the Registration statement, Defendant lists its "Legal Name" as "Elite Recovery Services, Inc."  Defendant lists its principal place of business as 701 Seneca Street, 4th floor, Buffalo, New York 14210, and its mailing address as "same."  Exhibit A to Declaration of Donald Yarbrough [DE 51].

Defendant asserts that its November 11, 2005 letter is not a violation as it had a valid license.  Florida law requires each consumer collection agency to provide "the business trade name, the current mailing address, the current business location which constitutes its principal place of business, and the full name of each individual who is a principal of the registrant."  Fla. Stat. § 559.555.  Defendant argues that its use of a post office box for mailing of payments is a common practice, not required to be disclosed in a Florida registration as long as the mailing address and business location remain accurate.  Defendant asserts that the initials "ERS" are used at the top because that address forms the return address on the window-type envelope in which the letter was mailed to Plaintiff, purportedly intended to protect the Plaintiff's confidentiality in case others view the outside of the envelope in which the letter was mailed.

Plaintiff asserts that the plain language of Florida Statues Section 559.563 states that any consumer collection agency registration that is false or "not current with respect to name, address, and business location, or other fact. . . shall be void."  Fla. Stat. § 559.563.  Plaintiff's theory of the case is that because Defendant did not include its Post Office box and the abbreviation of its name on its registration, that registration is either false or not current, and therefore void under Florida law.  Fla. Stat. § 559.553.  Plaintiff argues that if void, then Defendant cannot attempt to collect a debt under the

5

federal FDCPA, resulting in the conclusion that a deceptive means was used if state law forbade such attempt at collection.

The outcome of this case hinges on this Court's interpretation of these Florida statutes. Neither party has cited to any Florida cases interpreting these statutes. The only case the Court found is Welch v. Florida West Coast, Inc., in which the Florida District Court of Appeal concluded that the registration under Fla. Stat. § 559.553 is complete upon submission of the registration form and required fee, but may later be rejected only for an unsatisfactory explanation of a prior suspension or revocation. 816 So.2d 711, 713 (Fla. Dist. Ct. App. 2002). The court in Welch rejected the conclusion of the trial court that registration was not complete until the Florida Department of Banking and Finance issued a certificate of registration. Id.

The Court's conclusion in this case must also take into account the FDCPA caselaw of the United States Court of Appeals for the Eleventh Circuit. In Jeter v. Credit Bureau, Inc., the Court of Appeals stated that the standard under the FDCPA is whether the tendency of the letters or telephone calls would mislead the "least sophisticated" consumer. 760 F.2d 1168, 1175 (11th Cir. 1985). This standard was followed in a case remarkably similar to the case at bar. In Ferguson v. Credit Management Control, Inc., a Florida collection agency mailed a similar letter to a debtor and failed to register with the Florida Department of Banking (though it had registered with the Florida Department of State). 140 F.Supp.2d 1293, 1296 (M.D.Fla. 2001). The court granted summary judgment to the collection agency, concluding that the letter merely informed plaintiff of the debt and did not state that it had the power to collect a debt in Florida, nor threaten

to take any action.  140 F.Supp.2d at 1303.  The court also concluded that the FDCPA was not violated by the defendant's failure to register with the Florida Department of Banking before sending the letter.  140 F.Supp.2d at 1302.

Plaintiff asserts that the Ferguson decision dealt exclusively with the theory that the debt collector made a false representation, rather than a deceptive **means**, as alleged in this case.   This Court concludes that this is a distinction without a difference.  The Ferguson decision is well reasoned, and follows a published Ninth Circuit Court of Appeals decision, concluding that a "debt collector's attempts to collect a debt without obtaining the required state license were not per se violations of the FDCPA ."  Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100-01 (9th Cir. 1996).

The Court's conclusion that Defendant's interpretation of the FDCPA and Florida statutes is more persuasive in this case is buttressed by the fact that Defendant did in fact properly register as a collection agency.  Unlike in the Ferguson case, where no registration was made with the Florida Department of Banking, here the allegation is only that Defendant did not include its post office box or abbreviation of its name in its registration.  Section 559.563 requires current identification with regard to "name, address, and business location."  Defendant's name, Elite Recovery Services, Inc., address of 701 Seneca Street, and business location at 701 Seneca Street all were valid and current at that time.  The fact that the dunning letter uses a "P.O. Box" for the mailing of payments does not make the other information "not current."  Similarly, the use of the abbreviation "ERS" as the visible return address of the defendant, would not mislead the least sophisticated consumer as the dunning letter uses the full name three

other times on the same letter.  Clearly, the use of "ERS" was done so that others seeing the outside envelope sent to Plaintiff would not know that Plaintiff was being sent a letter from a collection agency.  The requirement of keeping a collection agency's name "current" in Florida Statues § 559.563 is not violated by using the direct abbreviation of the registered name as a return address.

### III.  CONCLUSION

As there are no genuine issues of material fact in dispute, the Court therefore concludes as a matter of law that Defendant has not violated the FDCPA as alleged by Plaintiff.  Defendant did not use a deceptive means to collect a debt by using a post office box and abbreviation of its name in the return address, though not previously disclosed in its valid State of Florida registration.   Defendant is therefore entitled to summary judgment on all claims brought by Plaintiff pursuant to Sections 1692e(5) and 1692e(10) of the FDCPA.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's First Motion for Summary Judgment [DE 30] is hereby **GRANTED**;

2. Plaintiff's Cross-Motion for Summary Judgment [DE 49] is hereby **DENIED**;

3. The Court will separately enter summary judgment for Defendant, but all pending motions can be denied as moot at this time.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of April, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:
Donald Yarbrough, Esq.
James K. Parker, Jr., Esq./Joseph A. Garcia, Esq.

8